NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARICELA ELIZABETH RODRIGUEZ
DOMINGUEZ; KIMBERLY MICHELLE
MORAN RODRIGUEZ; CHRISS
ENRIQUE MORAN RODRIGUEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3113

Agency Nos.
A209-162-005
A209-162-006
A209-162-007

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Maricela Elizabeth Rodriguez Dominguez and her two minor children,

natives and citizens of El Salvador, petition for review of a decision of the Board

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Immigration Appeals dismissing their appeal from an order of an immigration judge denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the Board agrees with the immigration judge's reasoning and adds some of its own, we review the Board's decision and those parts of the immigration judge's decision upon which it relied. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). We review the Board's factual findings for substantial evidence. *Rodriguez-Zuniga v. Garland,* 69 F.4th 1012, 1016 (9th Cir. 2023). Under that deferential standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the Board's determination that Rodriguez Dominguez did not establish the required nexus between any past harm or feared future harm and a statutorily protected ground. *Rodriguez-Zuniga*, 69 F.4th at 1016. Rodriguez Dominguez testified that gang members had been extorting her partner because he "had a job" and they "thought he had money," and that the gang members demanded that she continue to make payments after he fled. She contends that the gang members' subsequent targeting of her established that she

was harmed on account of her membership in a particular social group: the "immediate family members of [her partner]."

But an "alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). We have explained that evidence "that the persecutor's actual motivation for threatening a person is to extort money from a third person" generally "does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation." *Rodriguez-Zuniga*, 69 F.4th at 1019. Because the record contains no evidence that the gang members harbored any animus towards Rodriguez Dominguez's family and instead shows they had only "economic motivations," she failed to show that a statutorily protected ground was either "a reason" or "one central reason" for any past harm or feared future harm. *Id.* at 1022–23. Therefore, her asylum and withholding claims fail. *Id.* at 1023.

2. Substantial evidence supports the agency's denial of CAT relief. To obtain CAT relief, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), and that the torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official" or other person acting in an official capacity, *id.* § 1208.18(a)(1). As the immigration judge pointed out, Rodriguez Dominguez's

family members, including her partner's father, continue to reside in El Salvador, and the record does not indicate they have been harmed or threatened by the gang members. Thus, the record does not compel the conclusion that Rodriguez Dominguez would face a "particularized and non-speculative risk of torture" if she were removed. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis omitted); *see Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" is insufficient to establish a likelihood of future torture).

The motion to stay removal (Dkt. No. 2) is denied.

**PETITION DENIED.**